UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-61047-CIV-HURLEY/HOPKINS

G & G MARINE, INC.,

    Plaintiff,

v.

NINA (BERMUDA) LTD.,

    Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION TO STAY AND COMPEL ARBITRATION AND ADMINISTRATIVELY CLOSING CASE

**THIS CAUSE** is before the court upon the defendant's motion to stay and compel arbitration.

If a valid written agreement to arbitrate exists and covers the matter in dispute, the FAA directs the district court to stay any ongoing judicial proceedings and to compel arbitration. *See* 9 U.S.C. §§ 3, 4; *John B. Goodman Ltd. P'ship v. THF Constr., Inc.*, 321 F.3d 1094, 1095 (11th Cir. 2003). In enacting the FAA, Congress sought "to reverse the longstanding judicial hostility to arbitration agreements that had existed at English common law and had been adopted by American courts, and to place arbitration agreements upon the same footing as other contracts." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991). The FAA reflects "a liberal federal policy favoring arbitration agreements." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). Any doubts regarding the scope of the arbitration agreement should be resolved in favor of arbitration, "whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Id.* at 24-25.

The parties previously entered into a Space Charter Agreement that includes an arbitration clause. The arbitration clause reads: "Any and all disputes arising out of or in connection with this agreement shall be referred to arbitration in New York." In this case, the plaintiff is asserting claims against the defendant for fraud in the inducement of the Space Charter Agreement, rescission of the Space Charter Agreement, and fraudulent misrepresentations related to the Space Charter Agreement. The U.S. Supreme Court has indicated that when a contract contains an arbitration clause, claims of fraud in the inducement of the contract generally are to be determined by an arbitrator and not the court. *See Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 403-4 (1967). Because a valid written agreement to arbitrate exists and covers the matter in dispute, the court will simply enforce to parties' agreement to arbitrate and will compel arbitration in this matter.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that:

1. The defendant's motion to stay and compel arbitration [DE # 3] is **GRANTED**.

2. The parties shall arbitrate their claims in accordance with the arbitration clause contained in Article 11 of the Space Charter Agreement.

3. This case is **STAYED** pending arbitration and **CLOSED FOR STATISTICAL PURPOSES**. Any party seeking to confirm their arbitration award may file a motion to re-open this case and to confirm the arbitration award.

4. The plaintiff's motion for default [DE # 11] is **DENIED**.

5. Any other motions not otherwise ruled upon are **DENIED** as moot.

Order Granting Defendant's Motion to Stay and Compel Arbitration and Administratively Closing Case
G & G Marine, Inc. v. Nina (Bermuda) Ltd.
Case No. 06-61047-CIV-HURLEY/HOPKINS

**DONE** and **SIGNED** in chambers at West Palm Beach, Florida this _16_ day of November, 2006.

_____
Daniel T. K. Hurley
United States District Judge

*Copies provided to counsel of record*